# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JUAN M. ALCARAZ,<br><br>    Petitioner,<br><br>vs.<br><br>BRIAN WILLIAMS, *et al.*,<br><br>    Respondents. | Case No. 2:13-cv-00818-JCM-PAL<br><br>**ORDER** |

This is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the court on respondents' motion to dismiss the petition. (ECF No. 10).

**I. Procedural History**

Petitioner was convicted, pursuant to a jury verdict, of second degree murder with the use of a deadly weapon and carrying a concealed firearm. (Exhibit 25).[1] The judgment of conviction, filed on December 7, 2006, in case number 05C214271, reflects that for the second degree murder conviction, petitioner was sentenced to life imprisonment with a minimum parole eligibility of ten

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 12-16.

1    years, plus an equal and consecutive term for the use of a deadly weapon. (Exhibit 30).[2] On the
2    conviction for carrying a concealed weapon, petitioner was sentenced to 24 to 60 months
3    imprisonment, with this count running consecutive to the second degree murder count. (*Id.*).

4    Petitioner appealed his judgment of conviction. (Exhibit 31). On direct appeal, petitioner
5    asserted a claim challenging the sufficiency of the evidence for the second degree murder
6    conviction. (Exhibit 44). Petitioner also asserted a claim of prosecutorial misconduct regarding the
7    State's rebuttal closing argument. (*Id.*). On March 10, 2008, the Nevada Supreme Court affirmed
8    petitioner's convictions. (Exhibit 47). Remittitur issued on April 4, 2008. (Exhibit 49).

9    On January 13, 2009, petitioner filed a *pro se* post-conviction habeas petition in the state
10   district court, alleging several claims of ineffective assistance of trial and appellate counsel.
11   (Exhibit 52). On February 23, 2009, the state district court denied the petition. (Exhibit 58). On
12   April 8, 2010, the Nevada Supreme Court reversed the denial of the petition and remanded the case
13   to the state district court. (Exhibit 67).

14   On remand, petitioner filed a counseled supplemental post-conviction habeas petition,
15   alleging ineffective assistance of counsel and an equal protection violation. (Exhibit 71). A hearing
16   on the supplemental petition was held in the state district court on May 20, 2011. (Exhibit 84). By
17   written order filed June 23, 2011, the state district court denied the supplemental petition. (Exhibit
18   88).

19   Petitioner appealed the denial of his supplemental post-conviction habeas petition. (Exhibit
20   92). On appeal, petitioner raised the two claims alleged in the supplemental petition, and claimed
21   that the state district court erred in denying the claims in the original *pro se* post-conviction petition.

---

[2] Petitioner has convictions under two state court case numbers: 05C214271 (conviction for second degree murder with use of a deadly weapon and carrying a concealed weapon) and 07C231607 (voluntary manslaughter with the use of a deadly weapon). (Exhibits 30 & 40). In the federal petition, petitioner lists the case number of the judgment being challenged as C231607, but lists the charges and sentence from case number 05C214271. The claims in the federal petition only relate to petitioner's conviction under case number 05C214271, therefore the court considers only that conviction in this case. Moreover, because petitioner never appealed his conviction from case number 07C231607, any challenge to that conviction is unexhausted. *See Castillo v. McFadden*, 399 F.3d 993, 998-1000 (9th Cir. 2005) (legal standard for exhaustion).

(Exhibit 102). On May 10, 2012, the Nevada Supreme Court affirmed the denial of the supplemental post-conviction habeas petition. (Exhibit 109). Remittitur issued on June 6, 2012. (Exhibit 111).

Petitioner dispatched his *pro se* federal petition to this court on May 1, 2013. (Petition, ECF No. 8, at p. 1). Petitioner was directed to pay the $5.00 filing fee for this action. (ECF No. 3). Because it appeared that petitioner failed to pay the filing fee, this action was dismissed without prejudice by order filed July 15, 2013. (ECF No. 4). Petitioner filed a motion for reconsideration, along with an accounting transaction request form indicating that he asked prison officials to collect the filing fee from his inmate account and send it to the court. (ECF No. 6). On May 16, 2014, this court granted petitioner's motion for reconsideration, vacated the dismissal order, and directed respondents to file a response to the petition. (ECF No. 7). Respondents have filed the instant motion to dismiss. (ECF No. 10). Petitioner has filed a response, and respondents filed a reply. (ECF Nos. 19 & 22).

**II. Discussion**

Respondents argue that the federal petition is untimely and should be dismissed on that basis. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

>been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment." Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2254(d).

In the instant case, the judgment of conviction was entered on December 7, 2006. (Exhibit 30). The Nevada Supreme Court's order of affirmance on direct review was filed on March 10, 2008. (Exhibit 47). Because petitioner did not file a petition for writ of certiorari to the United

-4-

1  States Supreme Court, his conviction became final on June 9, 2008, which is ninety days after the
2  Nevada Supreme Court filed its order of affirmance. The AEDPA statute of limitations began to
3  run at that point.

4  On January 13, 2009, when petitioner filed his state habeas petition, 218 days of untolled
5  time for filing a federal petition had elapsed. (Exhibit 52). The AEDPA limitations period was then
6  tolled until petitioner's state habeas petition and appeal from the denial of his petition was resolved
7  by the Nevada Supreme Court. *See* 28 U.S.C. § 2244(d)(2). On May 10, 2012, the Nevada
8  Supreme Court entered an order affirming the denial of petitioner's post-conviction state habeas
9  petition. (Exhibit 109). Remittitur was issued on June 6, 2012. (Exhibit 111). The period of
10 tolling under 28 U.S.C. § 2244(d)(2) ended with the Nevada Supreme Court's issuance of remittitur
11 on June 6, 2012. The AEDPA statute of limitations began to run again and expired 147 days later,
12 on October 31, 2012. The first page of the federal habeas petition indicates that the petition was
13 dispatched (given to prison staff for mailing) to this court on May 1, 2013. (ECF No. 8, at p. 1, item
14 5). This court deems the petitioner's federal petition to be filed on May 1, 2013. *See Houston v.*
15 *Lack*, 487 U.S. 266, 270 (1988) (pursuant to the "mailbox rule," federal courts deem the filing date
16 of a document as the date that it was given to prison officials for mailing). The federal petition was
17 filed untimely on May 1, 2013, 182 days after the expiration of the AEDPA deadline.

18 The United States Supreme Court has held that the AEDPA's statute of limitations "is
19 subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).
20 The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1)
21 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
22 his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544
23 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise
24 judgment in light of prior precedent, but with awareness of the fact that specific circumstances,
25 often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*,
26 560 U.S. at 650. The petitioner bears the burden of demonstrating that he is entitled to equitable
27 tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must
28 show that his untimeliness was caused by an external impediment and not by his own lack of

diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling. *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). A petitioner is not entitled to equitable tolling where the cause of his late filing is incorrect advice from counsel. *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).

In the opposition to the motion to dismiss, petitioner argues that he is entitled to equitable tolling because his state habeas attorney failed inform him of the conclusion of his state habeas proceedings and failed to return his files. Petitioner asserts that his attorney failed to advise him of "the importance of timely preparation and filing of the federal petition." (ECF No. 19, at p. 5).

An attorney's failure to advise his client of the AEDPA statute of limitations is not an extraordinary circumstance that warrants equitable tolling. *See Culver v. Director of Corrections*, 450 F. Supp.2d 1135, 1142 (C.D. Cal. 2006). The failure of an attorney to return a client's files can, in some circumstances, amount to an extraordinary circumstance that may entitle a petitioner to equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 799-801 (9th Cir. 2003). In the instant case, however, petitioner does not establish that the lack of his files actually prevented him from filing a timely federal habeas petition. Additionally, petitioner has not established that he was diligent in filing his federal habeas petition. Taking petitioner's allegations as true, he had learned of the conclusion of his state habeas proceedings when he filed a motion in state court on January 2, 2013, seeking to withdraw counsel and for return of his file. (Exhibit 122). Thus, although petitioner does not provide this court with facts establishing how and when he learned of the conclusion of his state habeas proceedings, the state court record indicates that petitioner knew of the conclusion of the state habeas appeal at least by January 2, 2013. However, it took petitioner another four months to mail a federal habeas petition form to this court. (ECF No. 8). In *Waldron-Ramsey v. Pacholke*,

556 F.3d 1008, 1013-14 (2009), the Ninth Circuit found that a petitioner's lack of access to legal documents did not adequately explain why petitioner filed his federal habeas petition 340 days late, because petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, or at least could have filed it less than 340 days assuming that some lateness could have been excused." The court in *Waldron-Ramsey* found that the petitioner was not adequately diligent in filing a timely federal habeas petition. *Id.* Similarly, from the time that it became clear in the state court record that petitioner learned of the conclusion of his state habeas proceedings on January 2, 2013, petitioner waited four months to mail a form habeas corpus petition to this court. "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). Petitioner has failed to establish that extraordinary circumstances prevented him from filing a timely federal habeas petition, and petitioner has failed to establish that he was diligent in pursuing his rights and filing a timely federal habeas corpus petition. Petitioner's federal petition is untimely and petitioner is not entitled to equitable tolling.

**III. Certificate of Appealability**

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's

dismissal of the petition debatable or wrong.  The court therefore denies petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the clerk of court shall enter judgment accordingly.

Dated  January 27, 2015.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE