# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN M. ALCARAZ,

    *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

    *Respondents*.

Case No. 2:13-cv-00818-JCM-PAL

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the court on petitioner's motion (ECF No. 32) to amend/correct the district record for purposes of appeal and further for entry of a scheduling order following upon the remand by the court of appeals.

The motion to amend the record will be granted *nunc pro tunc* in connection with the concluded appeal. With respect to respondents' objection to exhibit C, while the e-mail is post-judgment, the content of the e-mail pertains to department records of petitioner's institutional movement history at times relevant to the timeliness issue.

IT THEREFORE IS ORDERED that petitioner's motion (ECF No. 32) to amend/correct the district record for purposes of appeal is GRANTED *nunc pro tunc*.

IT FURTHER IS ORDERED that petitioner shall have until up to and including **one hundred twenty (120) days** from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established.

1    IT FURTHER IS ORDERED that respondents shall file a response to the amended petition, including potentially by motion to dismiss, within **sixty (60) days** of service of the amended petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.

    IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled amended petition shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

    IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

    IT FURTHER IS ORDERED petitioner shall have **thirty (30) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

    IT FURTHER IS ORDERED that any state court record and related exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying

the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment.  If the exhibits filed will span more than one ECF Number in the record, the first document under each successive ECF Number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF Number thereafter will be listed under an attachment number (*i.e.*, attachment 1, 2, etc.).

    IT FURTHER IS ORDERED that the hard copy of any exhibits filed by either counsel shall be delivered – for this case – to the Reno clerk's office.

    The court otherwise waives compliance with local rule LR IA 10-3(e) with regard to the exhibits.

DATED: December 27, 2016.

_____
JAMES C. MAHAN
United States District Judge

-3-