UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN ALCARAZ,<br><br>        Petitioner,<br>v.<br>BRIAN WILLIAMS, *et al.*,<br><br>        Respondents. | Case No. 2:13-cv-00818-JCM-PAL<br><br>ORDER |

Petitioner in this action challenges his 2006 state court conviction, following a two-day jury trial, of second-degree murder with use of a deadly weapon. (ECF No. 47 at 4). Respondents have moved to dismiss the petition, arguing it is not properly verified, untimely, and unexhausted in part. (ECF No. 49). Petitioner has opposed (ECF Nos. 52 & 53), and respondents have replied (ECF No. 56).

**I.   Verification of Petition**

Respondents argue that the petition is not properly verified because it was signed only by counsel and not by petitioner himself.

An application for a writ of habeas corpus must be "verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

(c) Form. The petition must:

(1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

1

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner *or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242*.

Rule 2(c) (emphasis added). A habeas petitioner's attorney can sign and verify the petition for the petitioner. *Lucky v. Calderon*, 86 F.3d 923, 925 (9th Cir.1996). In the absence of evidence to the contrary, there is a presumption that a petitioner has been fully informed of, and has consented to, claims raised in the petition. *Deutscher v. Angelone*, 16 F.3d 981, 984 (9th Cir.1994).

Even if the petition were not properly verified, such is a defect the court would be free to disregard and does not affect the court's jurisdiction to consider the petition. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

No evidence has been presented that petitioner does not agree with the claims and facts alleged in the petition. The motion to dismiss on the basis of improper verification will therefore be denied.

**Cognizable Claims**

Respondents move to dismiss Claim Six as non-cognizable. Petitioner concedes that Claim Six is not a cognizable federal habeas claim. Claim Six will therefore be dismissed.

**Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The one-year limitation period begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[1] 28 U.S.C. § 2244(d)(1)(A).

---

[1] While the statute of limitations may also begin to run from other events, petitioner does not claim, and it does not appear from the record, that any of the other events is applicable in this case.

2

A petitioner can establish an entitlement to equitable tolling under certain, very limited circumstances. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Id.* at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Here, the court dismissed the original petition as untimely. (ECF No. 23). But on appeal, the Ninth Circuit reversed, concluding that the abandonment by petitioner's counsel and petitioner's inability to obtain his file from his counsel despite his diligent efforts to do so entitled petitioner to equitable tolling. (ECF No. 35). In particular, the appeals court cited case law indicating that a petitioner cannot be expected to file a "meaningful petition" if he does not have his case file. (*Id.* at 2-3).

Respondents argue that the Ninth Circuit's ruling extends only to the original petition and that the amended petition is therefore still untimely. Petitioner disagrees, arguing that the Ninth Circuit recognized the original petition was not a meaningful petition and that its holding would make little sense if tolling saved only the original, non-meaningful petition. Petitioner asserts that once appointed, counsel diligently took the steps required to draft and file a meaningful amended petition. Respondents reply that the Ninth Circuit's order did not grant petitioner *carte blanche* to take as long as he wished to file an amended petition, and that the amended petition is clearly untimely. They do

not, however, dispute the facts demonstrating counsel's diligence as set forth in the opposition brief.

The Ninth Circuit's reasoning in its memorandum decision supports an extension of equitable tolling in this case. The Ninth Circuit explicitly relied on case law holding that a petitioner cannot be expected to file a "meaningful petition" without his file. That the original petition in this action was not meaningful is evident; it asserts few claims and even fewer facts. (ECF No. 8). The court agrees with petitioner that it would make little sense to apply equitable tolling in such a manner that only the original, non-meaningful petition would be considered timely. The Ninth Circuit must have anticipated, and this court agrees, that some amount of equitable tolling should continue to apply following remand, to give petitioner and/or his counsel time to draft a meaningful petition. The facts as alleged by appointed counsel reflect that counsel acted diligently once appointed to gather the necessary information to draft a meaningful federal habeas petition, and that the delay in filing the petition was at least in part attributable to the fact that petitioner was difficult to locate, since he was being housed at an undisclosed private facility out of state. Under the specific circumstances of this case, the court concludes that petitioner is entitled to equitable tolling through the filing of the amended petition. The motion to dismiss the petition as untimely will therefore be denied.

**Exhaustion/Anticipatory Procedural Default**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which he relies and must also state the facts that entitle her to relief on that federal claim. *Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the

operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue that Claims 1(2), 1(3), 1(4), 1(5), 1(6), 1(7), 2, 3, 5, and 7 are unexhausted.

A.  Claim 2

Claim 2 asserts ineffective assistance of appellate counsel. Specifically, petitioner argues that appellate counsel was ineffective for: (1) filing a deficient opening brief and no reply brief; (2) failing to obtain materials that would have allowed petitioner to appeal issues involving jury selection, including questions about gangs that were posed to the prospective jurors; (3) failing to argue that the prosecution committed misconduct by misstating the law with respect to the elements of first degree murder, manslaughter and the State's burden of proof; and (4) failing to argue that the prosecutor improperly commented on petitioner's right to remain silent, shifted the burden of proof and urged the jury to conduct its own testing of the evidence. (ECF No. 47 at 30-34).

Petitioner argues that Claim 2 is exhausted because it is similar to Ground 2 of the *pro se* state petition. (ECF No. 53 at 13). Ground 2 of the *pro se* petition was raised on appeal to the Nevada Supreme Court. (Ex. 102 at 15).[2] However, Ground 2 of the *pro se* petition and the appeal thereof are similar to Claim 2 only in the most general sense, *i.e.*, the claim that appellate counsel was ineffective for failing to investigate and raise substantive issues on appeal. But this general similarity is insufficient to exhaust the very specific claims in Claim 2, none of which includes the only specific claim raised in the state habeas petition: that appellate counsel was ineffective for failing to raise "provocation claims." The assertions in Claim 2 not having otherwise been presented to or decided by Nevada's highest courts, Claim 2 is unexhausted.

---

[2] Citation is to CM/ECF page number at the top of the page.

5

## B. Claim 1(7)

Claim 1(7) asserts that trial counsel was ineffective for failing to file a motion to suppress petitioner's statement taken while he was under the influence of PCP and alcohol and failing to present evidence at trial to show that petitioner did not have the requisite mens rea for murder and at most was guilty of voluntary manslaughter. (ECF No. 47 at 28-30). Specifically, petitioner asserts counsel should have presented evidence as to how his intoxication could have impacted his behavior and intent. (*Id.* at 29).

Petitioner concedes that his claim regarding suppression is unexhausted but argues that his claim regarding the failure to present evidence is exhausted. He asserts that the claim is exhausted by an allegation, in his state petition, that counsel failed to present evidence, argue or offer instruction concerning petitioner's impaired condition. However, no such allegation appears in the state habeas petition. (*See* Ex. 52 at 6). Rather, the petition asserts that the jury was not instructed on a lesser crime despite evidence that petitioner was provoked and that appellate counsel failed to raise issues regarding provocation. (*Id.*). In particular, the state habeas petition focused on the provocation for the offense – the victim punching petitioner before petitioner shot him, (*see* Ex. 44 at 2; Ex 52 at 6; Ex. 102 at 4 & 9) -- while Claim 1(7) focuses on petitioner's impairment due to intoxication, *i.e.*, that he was unable to understand or control his reaction when punched by the victim. While related, these claims are sufficiently distinct that state habeas petition cannot be said to have exhausted Claim 1(7), even in part. Claim 1(7), not having otherwise been presented to or decided by the state's highest courts, is therefore unexhausted.

### C. Claims 1(2) – 1(7)

Petitioner acknowledges that Claims 1(2), 1(3), 1(4), 1(5), 1(6), and 1(7) are unexhausted. However, he asserts that the court should apply the doctrine of anticipatory procedural default because these claims would be dismissed as procedurally defaulted on any return to state court.

An unexhausted claim can sometimes be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). While it is clear that petitioner would face several procedural bars if he were to return to state court, *see, e.g.*, Nev. Rev. Stat. §§ 34.726 & 34.810, Nevada has cause and prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then petitioner cannot establish that "it is clear that the state court would hold the claim procedurally barred." For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Supreme Court of Nevada does not recognize *Martinez* cause as cause to overcome a state procedural bar under Nevada state law. *Brown v. McDaniel*, 331 P.3d

7

867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Claims 1(2) through 1(7) assert ineffective assistance of trial counsel and thus are potentially subject to a *Martinez* cause argument. Petitioner's response appears to concede that this is the only cause and prejudice argument petitioner could assert for any of his claims. In light of petitioner's concession, the court deems Claims 1(2) through 1(7) to be technically exhausted but procedurally defaulted. However, the question of whether Claims 1(2) through 1(7) are substantial claims of ineffective assistance of trial counsel and whether postconviction counsel was ineffective for failing to raise them are questions that are intertwined with the merits of the claims themselves. The court therefore defers determination of whether petitioner has established cause and prejudice until consideration of the petition on the merits.

D. Claims 3 & 5

Petitioner concedes that Claims 3 and 5 are unexhausted. He therefore requests leave to amend the petition to delete the claims. (ECF No. 53 at 15-19). The court sees no reason to require an amended petition where the same result may be accomplished by dismissal of the claims without prejudice. Accordingly, Claims 3 and 5 will be dismissed without prejudice.

E. Claim 7

Claim 7 is a claim of cumulative error. Claim 7 will proceed to the extent of any procedurally viable claims in the petition.

**Options on a Mixed Petition**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is cautioned that stays are available only in limited circumstances and that if he files a motion to stay and abey, he must show good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If petitioner fails to file a motion as set forth above, his petition will be dismissed without prejudice as a mixed petition.

**Conclusion**

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss (ECF No. 49) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion to dismiss the petition are improperly verified or untimely is DENIED;

2. Claims 2, 3 and 5 are exhausted;

3. Claims 3 and 5 are dismissed without prejudice;

4. Claims 1(2), 1(3), 1(4), 1(5), 1(6), and 1(7) are technically exhausted but procedurally defaulted, and the court will defer decision on whether petitioner has

established cause and prejudice under *Martinez* until the time of the merits determination; respondents shall renew this defense in their answer;

     5.     Claim 6 is dismissed as non-cognizable; and

     6.     Claim 7 will proceed to the extent of any procedurally viable claims in this action.

IT IS FURTHER ORDERED that, within thirty days of the date of this order, petitioner shall either: (1) File a motion to dismiss seeking partial dismissal of only the unexhausted claim (Claim 2); (2) File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claim (Claim 2); and/or (3) File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claim (Claim 2). Failure to do so will result in the dismissal of this mixed petition without prejudice and without further advanced notice.

It is so ordered.

DATED January 23, 2019.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE