UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUAN ALCARAZ,<br><br>　　　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, *et al.*,<br>　　　　　　　　Respondents. | Case No. 2:13-cv-00818-JCM-BNW<br><br>ORDER |

This is a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by a Nevada state prisoner. On January 23, 2019, the court found that the amended petition is mixed, containing both exhausted and unexhausted claims. In response, petitioner moves to stay this action and hold his claims in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), or in the alternative, pursuant to the three-step procedure of *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). (ECF No. 62). Respondents oppose. (ECF No. 64).

In *Rhines*, the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant

1

> him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

"[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the] failure" to exhaust his claims in state court. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014). But a petitioner does not establish good cause simply by asserting a conclusory and unsupported claim that his counsel was ineffective; he must also develop his argument under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 n.2 (9th Cir. 2008).

The unexhausted claim of the petition, Claim 2, asserts appellate counsel was ineffective for: (1) filing a deficient opening brief and no reply brief; (2) failing to obtain materials that would have allowed petitioner to appeal issues involving jury selection, including questions about gangs that were posed to the prospective jurors; (3) failing to argue that the prosecution committed misconduct by misstating the law with respect to the elements of first degree murder, manslaughter and the State's burden of proof; and (4) failing to argue that the prosecutor improperly commented on petitioner's right to

remain silent, shifted the burden of proof and urged the jury to conduct its own testing of the evidence. (ECF No. 47 at 30-34). On postconviction appeal, postconviction counsel asserted generally that appellate counsel was ineffective, but argued specifically only that counsel did not assert certain claims regarding "provocation." (ECF No. 16-1 at 15 (Ex. 102)). Petitioner asserts that the ineffective assistance of his postconviction counsel in failing to raise the claims in Claim 2 constitutes good cause justifying a *Rhines* stay.

Petitioner's ineffective assistance of counsel claim is conclusory and insufficiently developed or supported. While the court has conducted a preliminary review of the record in order to evaluate whether postconviction counsel was ineffective for failing to raise the arguments in Claim 2, it is beyond the scope of this stay motion to make a conclusive ruling on the issue. Upon preliminary review of the record, and absent a strong showing by petitioner, the court is not persuaded, for purposes of this motion, that postconviction counsel was ineffective for failing to assert the arguments in Claim 2. The court concludes petitioner has not established good cause, and the motion for a *Rhines* stay will therefore be denied on that basis.

In the alternative, petitioner seeks to invoke the three-step procedure pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under the three steps of the *Kelly* procedure, (1) the petitioner may amend his petition to delete the unexhausted claims, (2) the court stays the petition and hold the exhausted claims in abeyance while petitioner exhausts his unexhausted claims in state court; and (3) following exhaustion, the petitioner amends his petition to re-attach the newly exhausted claims. *Id.* Under *Kelly*, the petitioner is not required to show good cause. *Id.* at 1140.

The court, in its discretion, will grant petitioner's request to invoke the *Kelly* procedure. The claims petitioner seeks to exhaust are not plainly meritless, and there is no indication of dilatory tactics. Accordingly, petitioner will be granted leave to amend his petition to delete Claim 2, and the petition will thereafter be stayed and abeyed pending exhaustion of Claim 2 in state court. Following completion of state court proceedings on

the unexhausted claim, petitioner may file a motion to reopen the action and amend the petition to reassert Claim 2.

In granting the petitioner's alternative request, the court makes no representation or holding that Claim 2 will be considered timely once re-attached to the petition.

In accordance with the foregoing, IT IS THEREFORE ORDERED that petitioner's motion to stay and abey (ECF No. 62) is GRANTED IN PART and DENIED IN PART. The motion for a *Rhines* stay is denied. The motion for a stay pursuant to the *Kelly* procedure is granted. Petitioner may, within fifteen days of the date of this order, amend his petition to delete Claim 2. After he has done so, the court will enter an order staying these proceedings and holding petitioner's exhausted claims in abeyance until such time as petitioner has filed a motion to re-open the action.

It is so ordered.

DATED May 14, 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE